Dear Mr. Delahaye:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub, which has been assigned to me for resolution. You inquire whether the Iberville Parish Police Jury must reimburse the Iberville Parish Waterworks District No. 2 for legal expenses incurred by the waterworks district.
A waterworks district is "a body corporate in law, with all the powers of a corporation, and all powers necessary for it to carry out the objects for which it was created." LSA-R.S.33:3815. Although the Iberville Parish Waterworks District No. 2 is a creature of the Iberville Parish Police Jury, pursuant to LSA-R.S. 33:3811, the parish waterworks district is an independent legal entity, and a political subdivision of the State of Louisiana. LSA-Const. Art. VI, Section 44(2) (1974).
The board of commissioners of the waterworks district is required to select a bank within the parish in which to deposit monies from water assessments, and is further required to annually elect a fiscal agent. LSA-R.S. 33:3817(C)(1). An acknowledged expense of the waterworks district are attorney's fees, as the board of commissioners is authorized to "employ the services of an attorney when necessary and fix his fees or his salary." LSA-R.S. 33:3818(A).
This office is of the opinion that the legal expenses incurred by the waterworks district remain the obligation of that district, and not the legal obligation of the police jury. The police jury is not required by statute to pay from its general fund the legal expenses of the waterworks district. Because there is no legal obligation on the part of the policy jury to provide reimbursement, this office is of the opinion that such reimbursement would be violative of LSA-Const. Art. VII, Section 14(A), prohibiting the "loan, pledge, or donation" of things of value belonging to the state or its political subdivisions.
The Louisiana Supreme Court has stated LSA-Const. Art. VII, Section 14(A) "is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." City of Port Allen v. Louisiana Municipal Risk, et al., 439 So.2d 399 (La. 1983), at page 401. Accordingly, the Iberville Parish Police Jury is constitutionally prohibited from reimbursing the Iberville Parish Waterworks District No. 2 for those legal expenses incurred by the district.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ 93-157